# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BENJAMIN J. WHERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 10-40159-FDS |
| ) | |
| JEFFREY GRONDOLSKY, WARDEN of ) | |
| FMC DEVENS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

Petitioner Benjamin J. Wherry, Sr., a federal prisoner at FMC Devens in Ayer, Massachusetts, is serving a 235-month sentence for drug and firearm offenses. He was convicted and sentenced in 1997 in the United States District Court for the Northern District of Ohio. Wherry has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court.[1] The petition contends that the trial judge erred when she reconsidered her ruling on Wherry's motion to suppress, that his trial was tainted by prosecutorial fraud, and that errors in his pre-sentence report prejudiced the sentencing court's calculation of his sentence. Wherry also asserts that he is actually innocent, and that but for purported government fraud, his case would not have gone to trial.

---

[1] The original petition for a writ of habeas corpus in this matter was filed on August 11, 2010. Wherry later filed a motion to amend his petition with a supplemental submission. The original petition and supplemental submission raise separate claims. The Court will allow Wherry's motion to amend, but for the purposes of this memorandum and order, will consider all claims raised in the original habeas petition and the amended petition.

Since his conviction in 1997, Wherry has made several unsuccessful post-conviction attempts to challenge his federal sentence.[2]  Following denial of his direct appeal, Wherry brought a petition for a writ of habeas corpus under 28 U.S.C. § 2255.  That petition was denied, and the District Court and Sixth Circuit both declined to issue a certificate of appealability under 28 U.S.C. § 2253.  The Sixth Circuit later refused to permit Wherry to file a second or successive petition under § 2255.[3]  This most recent petition once again asks a federal court to vacate Wherry's sentence and conviction.

It is well-settled that § 2255 "was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence." *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008).  A collateral attack on a federal sentence or conviction under § 2255 must be brought in the sentencing court, and a petitioner may not file a second or successive petition under § 2255 without first obtaining permission from the court of appeals.  *See* 28 U.S.C. §§ 2255(a), (e), (h); *see also id.* § 2244(b)(3).  A petitioner may not circumvent these statutory restrictions by filing a habeas petition under § 2241 instead of § 2255.  *See United States v. Barrett*, 178 F.3d 34, 50-52 (1st Cir. 1999); *Gonzalez v. United States*, 150 F. Supp. 2d 236, 241 (D. Mass. 2001).

Wherry's petition is styled as a petition under 28 U.S.C. § 2241.  A petition under § 2241 generally challenges the manner, location, or condition of the execution of a sentence,

---

[2] In a recent unpublished opinion, the sentencing judge, Judge Kathleen O'Malley, provides a more thorough account of the extensive procedural background preceding this petition.  *See Wherry v. United States*, 2010 WL 3211689, at *1 (N.D. Ohio Aug. 11, 2010).

[3] Wherry has unsuccessfully filed several other motions challenging his sentence, including a motion for relief from judgment, a petition for retroactive reduction of his sentence, and a motion for reconsideration.

whereas a petition under § 2255 challenges the validity of the sentence.  *See Barrett*, 178 F.3d at 50 n.10; *Thorton v. Sabol*, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *Gonzalez*, 150 F. Supp. 2d at 240-41.  Because his petition clearly challenges the validity of his underlying conviction and sentence, it should be brought as a petition under § 2255, not § 2241.

Wherry contends, however, that the "savings clause" in § 2255 applies to his current petition.  The savings clause provides a remedy when § 2255 "is inadequate or ineffective to test the legality of detention," permitting a federal prisoner to file a petition under § 2241.  *See* 28 U.S.C. § 2255(e); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000); *Thorton*, 620 F. Supp. 2d at 206.  Courts generally interpret this clause narrowly, invoking it only when, "in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification.'"  *Trenkler*, 536 F.3d at 99 (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).  This "demanding standard" is only satisfied in "exceptional circumstances."  *See id.*; *see also Thorton*, 620 F. Supp. 2d at 206; *Gonzalez*, 150 F. Supp. 2d at 243-44; *Gonzalez v. United States*, 135 F. Supp. 2d 112, 121 (D. Mass. 2001). For example, when a Supreme Court decision overrules the circuit court's interpretation of a statute under which a prisoner was convicted, the prisoner may be able to invoke the savings clause to claim that he was actually innocent under the new meaning of the statute.  *See, e.g.*, *Sustanche-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000); *Barrett*, 178 F.3d at 51-52; *Gonzalez*, 150 F. Supp. 2d at 244.

Here, there are no exceptional circumstances to justify the conclusion that § 2255 is an

inadequate or ineffective remedy to test the legality of Wherry's detention. No Supreme Court decision has altered the meaning of the statutes under which he was convicted. Wherry had ample opportunity to raise his claims about the suppression ruling, sentencing calculation, adequacy of counsel, and his allegations of government fraud in his earlier petition under § 2255. And his claims of actual innocence, unsupported by any new evidence, are in substance legal challenges to the rulings and procedures at trial.[4] These are the types of claims properly brought under a § 2255 petition, and do not constitute exceptional circumstances necessary to invoke the savings clause and permit a § 2241 petition. As the First Circuit has noted, "[a] petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because the petitioner cannot meet the . . . 'second or successive' requirements." *Barrett*, 178 F.3d at 50; *see also Trenkler*, 536 F.3d at 98-99 ("the mere inability to satisfy [the second or successive petition and gatekeeping] requirements does not afford access to the savings clause").

Because Wherry's claim is properly construed as a petition under § 2255 rather than § 2241, the Court must dismiss the petition for lack of jurisdiction.[5] Even setting aside the fact

---

[4] The petition asserts that Wherry has "newly-discovered evidence" that, if previously available, would have prevented his case from going to trial. He has not included this purported evidence in his submission, nor has he revealed the substance of the evidence. However, Wherry characterizes the evidence as challenging the District Court's jurisdiction, casting doubt on the court's suppression ruling, and bolstering his assertions of government fraud. This type of evidence would implicate the validity of Wherry's sentence and conviction, but would not support a claim of "actual innocence" that would invoke the savings clause in 28 U.S.C. § 2255(e) and permit a filing under § 2241. That is, Wherry does not assert that the evidence shows that he did not commit the crimes for which he was convicted, or that the law has changed such that his actions no longer constitute crimes.

[5] This petition is summarily dismissed under Rule 4 of the Rules Governing Section 2254 Habeas Corpus Proceedings, which requires the Court to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A district court may apply any of the rules governing § 2254 proceedings to any other habeas petition that does not fall under § 2254, including a

that this petition would likely be a successive petition under § 2255, any § 2255 petition must be brought in the sentencing court.  *See* 28 U.S.C. § 2255(a), (e).  Wherry was sentenced in the United States District Court for the Northern District of Ohio, which is the proper forum for bringing this petition.

The conclusion that the Court lacks jurisdiction to entertain this § 2255 petition obviates Wherry's motion to proceed *in forma pauperis* and motion for appointment of counsel.  Accordingly, those motions are DENIED, and the petition for a writ of habeas corpus is DISMISSED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV

Dated: October 28, 2010

---

petition brought under § 2241 or § 2255.  *See* Rule 1(b) of the Rules Governing Section 2254 Habeas Corpus Proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (noting that the district court acted within its discretion by applying Rule 4 of the Section 2254 Rules to a petition filed under § 2241); *Norton v. United States*, 119 F. Supp. 2d 43, 46, 48 (D. Mass. 2000) (*sua sponte* dismissing claims for relief brought under § 2255 and § 2241).  In this case, it is plain that this Court does not have jurisdiction over Wherry's petition, so the Court must *sua sponte* dismiss his claims.